# Knecht *versus* Mutual Life Ins. Co. of New York.

In an application for a life insurance policy, the applicant declared, " that he does not now, nor will he, practise any pernicious habit, which obviously tends to the shortening of life." The policy issued in pursuance of said application contained this provision : " If any of the statements or declarations made in the application for this policy, upon the faith of which this policy is issued, shall be found in any respect untrue, then and in every such case, this policy shall be null and void." At the time of making the application, the applicant was of correct and temperate habits. Some years after the issuing of the policy, he became addicted to the use of intoxicating drinks, from the immoderate use of which he was attacked with delirium tremens, from the effects of which he died. *Held*, that in the absence of any clause in the policy avoiding it, in case the assured should practise any such habit, and of any covenant or warranty on his part that he would not do so, his mere declaration to that effect in the application was not sufficient to avoid the policy.

April 1st 1879. Before SHARSWOOD, C. J., MERCUR, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ. GORDON, J., holding a policy in the company, did not sit.

Error to the Court of Common Pleas of *Northampton county:* Of January Term 1879, No. 253.

Amicable action of assumpsit, by A. S. Knecht, administrator of Abram F. Fangboner, deceased, against the Mutual Life Insurance Company of New York, wherein the following case was stated for the opinion of the court:

That in January 1868, the deceased applied to the defendant for

[Knecht *v.* Mutual Life Ins. Co.]

a policy of insurance upon his life, the application, among other clauses, containing the following: "And the said Abram F. Fangboner further declares that he is not now afflicted with any disease or disorder, and that he does not now, nor will he, practise any pernicious habit that obviously tends to the shortening of life;" that upon the faith of the conditions and promises in said application, the defendant issued a policy to deceased. Among the provisions of said policy was the following: "If any of the statements or declarations made in the application for this policy, upon the faith of which this policy is issued, shall be found in any respect untrue, then and in every such case this policy shall be null and void." That at the time of making the aforesaid application for insurance, the said Fangboner was of correct and temperate habits; that some years after the issuing of said policy he became addicted to the use of intoxicating drinks, from the immoderate use of which he was attacked with delirium tremens, from which he died; that the court shall be at liberty to make all legitimate and proper inferences of fact which flow from the foregoing facts, and that the case shall be considered and determined as upon a demurrer to evidence by the plaintiff; that if the court shall be of opinion that the defendant is liable to pay the whole amount insured by said policy upon the life of the said Fangboner, then judgment to be entered in favor of the plaintiff for the sum of $1500, with interest from June 26th 1876. If not, then judgment to be entered for the defendant.

The court, Meyers, P. J., entered judgment for the defendant, when the plaintiff took this writ, and assigned this action for error.

*Edward J. Fox*, for plaintiff in error.—Was the clause in the application a warranty by the assured? By a warranty the insured stipulates for the absolute truth of the statement made, and the strict compliance with some promised line of conduct, upon penalty of forfeiture of his right to recover in case of loss, should the statement prove untrue, or the course of conduct promised not be fulfilled.

Nowhere, either in this policy or the application, did the assured promise, covenant, agree or warrant that he would not practise any pernicious habit. He declared that he would not do so. In such a contract words are to be interpreted according to their ordinary meaning. The language of the clause cannot be legitimately or properly applied to the performance of something which the assured declared he would or would not do in the future.

Habits of intemperance acquired subsequent to the insurance, even though the cause of death, will not avoid the policy, unless expressly so stipulated: Reichard *v.* Manhattan Life Ins. Co., 31 Mo. 518; Horton *v.* Equitable Life Ass. Co., 2 Bigelow 108.

[Knecht *v.* Mutual Life Ins. Co.]

*H. Green*, for defendant in error.—The policy provides that it is issued "upon the faith" of the statements and declarations contained in the application. And the application provides that it shall "form the basis of the contract," and that if any "violation of the covenants, conditions or restrictions of the policy shall occur," the policy shall be void. Of course, "shall occur," means occur in the future. Now, the policy incorporates into itself all the statements, declarations, stipulations and agreements of the application, and further expressly provides that if any of the statements or declarations of the application shall be found in any respect untrue, the policy shall be void. The words "shall be found" import discovery in the future. While these words may mean discovery in the future of a fact existing in the past, they may also mean discovery in the future of a fact occurring in the future. The undertaking not to practise the habit in the future, is a part of the contract. This engagement is a condition precedent, which must not be violated, except at peril of forfeiture. It is also a warranty, and for that reason a condition precedent. If the liability of the company does not arise until the stipulations of the insured are performed, then such stipulations are conditions precedent: 2 Chitty on Contracts 1082; 2 Parsons on Contracts 40; Insurance Co. *v.* Slockbower, 2 Casey 199; Inland Ins. Co. *v.* Stauffer, 9 Id. 397; Trask *v.* Ins. Co., 5 Id. 198; Holterhoff *v.* The Mutual Benefit Life Ins. Co., 3 Ins. Law Journal, Nov. 1874, p. 854.

In the case at bar, the applicant declares that he will not practise any pernicious habit which tends to shorten life. The policy provides that if any of the declarations of the application shall be found to be untrue, the policy shall be void. The declaration that he would not practise a pernicious habit, &c., was found to be untrue. Hence the legal and logical necessity for the conclusion that the consequence expressed in the policy shall attach, to wit, the policy shall be void: Mily *v.* Conn. Mutual Life Ins. Co., 3 Gray 580; Southcombe *v.* Merriman, 1 C. & M. 286; 41 E. C. L. R. 159.

Mr. Justice PAXSON delivered the opinion of the court, May 7th 1879.

It is not alleged that in his application for insurance the insured made any false representation of an existing fact. What he did declare was, "that he is not now afflicted with any disease or disorder, and that he does not now, *nor will he*, practise any pernicious habit that obviously tends to the shortening of life." The case stated sets forth, "That at the times of making the aforesaid application for insurance, the said Abram F. Fangboner was of correct and temperate habits; that some years after the issuing of said policy he became addicted to the use of intoxicating drinks, from the immoderate use of which he was attacked with delirium

[Knecht *v.* Mutual Life Ins. Co.]

tremens, from which he died." The policy issued in pursuance of said application contained this provision : "If any of the statements or declarations made in the application for this policy, upon the faith of which this policy is issued, shall be found in any respect untrue, then and in every such case this policy shall be null and void." It is unnecessary to discuss the question as to whether the declarations of the insured as to existing facts in his application, constitute a warranty. The authorities are by no means uniform upon this point. Our own recent case of the Washington Life Insurance Co. *v.* Schaible, 1 W. N. C. 369, holds that they do not constitute such warranty. Where, however, the policy has been issued upon the faith of such representations, and they are false in point of fact, the better opinion seems to be that the policy is avoided. And this is so even where the false statement is to a matter not material to the risk: Jeffries *v.* The Life Insurance Co., 22 Wallace 47. In such case the agreement is that if the statements are false, there is no insurance; no policy is made by the company, and no policy is accepted by the insured. In the case in hand the policy attached. There was nothing to avoid it *ab initio.* Were the mere declarations by the insured in his application, as to his future intentions, and his failure to carry out his declarations, or to comply with his intentions as to his future conduct, sufficient to work subsequent forfeiture of the policy ? In no part of the application did the assured covenant that he would not practise any pernicious habit. Nor did he promise, agree or warrant not to do so. He *declared* that he would not. To declare, is to state; to assert; to publish; to utter; to announce; to announce clearly some opinion or resolution ; while to promise is to agree ; "to pledge one's self ;. to engage ; to assure or make sure ; to pledge by contract."—Worcester. There is no clause in the policy which provides that if the assured shall practise any pernicious habit tending to shorten life, the policy shall *ipso facto* become void. There is only the stipulation that, "if any of the statements or declarations made in the application * * * shall be found in any respect untrue, this policy shall be null and void." This evidently referred to a state of things existing at the time the policy was issued. As to such matters, as I have already said, there was no untrue statement. But the assured declared, as a matter of intention, that he *would not* practise any pernicious habit. Was this declaration of future intention false ? There is no allegation, much less proof, that it was so. The assured might well have intended to adhere to his declaration in the most perfect good faith, yet in a moment of temptation have been overcome by this insidious enemy. In the absence of any clause in the policy avoiding it in case the assured should practise any such habit, and of any covenant or warranty on his part that he would

not do so, we do not think his mere declaration to that effect in the application sufficient to avoid the policy.

> The judgment is reversed, and judgment is now entered in favor of the plaintiff and against the defendant for the sum of $1500, with interest from June 26th 1876.

Mr. Justice TRUNKEY dissented.